WILLIE HARMON, ET AL., *v.* JOHN M. HIGGINS.

**Decedents' Estates—Heirs—Duty of Court—Remedy.**
    When heirs receive anything from an estate as distributees, they are to that extent bound personally to pay decedent's debts, and such heirs may be sued for the debts of their ancestor.

**Duty of Court—Remedy.**

> Where an administrator has been removed and a creditor of the de-
> cedent seeks to recover from heirs, his remedy is by an action in
> equity against the heirs. Such an action should be transferred to the
> equity docket.

### APPEAL FROM CALDWELL CIRCUIT COURT.

December 14, 1874.

OPINION BY JUDGE LINDSAY:

The notes sued on in this case do not bind the children and heirs at law of W. P. Harmon, deceased. If they received anything from his estate, as distributees, they are to that extent bound personally to pay his debts. If any estate descended to them as heirs at law, it may be subjected in their hands to the payment of his debts. Heirs at law may be sued for the debts of their ancestor. An action at law may be prosecuted against them when sued jointly with the personal representative. Sec. 6, Chap. 40, Rev. Stat., Sec. 6, Chap. 44, Gen. Stat. In this case the removal of the administrator put it out of the power of appellee to sue under the provisions of said Sec. 6, Chap. 40, Rev. Stat. His remedy was, therefore, by an action in equity against the heirs alone. *Ellis v. Gosney's Heirs,* 1 J. J. Marsh. 346.

As his remedy is in equity, and as the heirs at law are both infants, the chancellor should not subject them to the hardships of having any real estate that may have descended to them, seized and sold under execution. By reason of their non-age, they have not the legal capacity to pay or repay the judgment, nor to superintend the sale, nor to redeem, in case their lands be sold for less than two-thirds the appraised value.

The court should have transferred the case to the equity side of the docket, and the appellee have been required to amend his petition and set out the estate he desired to subject to the payment of his debts, and it should be sold by the chancellor, through his commissioner, and not turned over to the sheriff. *Hagan's Heirs v. Patterson,* Mss. Opinion, summer term, 1874. In this case the want of assets or estates discovered, is alleged by the appellants. There is no proof on the issue thus raised. It was, therefore, error to render the judgment. It is *reversed* and the cause remanded. Appellee should be allowed to amend if he desires to do so. In such case further proper proceedings will be had.

*W. H. Calvert, for appellants.*